UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DELMAR J. KENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01928-TWP-TAB |
| | ) |
| INDIANA DEPT OF CORRECTIONS, | ) |
| THE GEO GROUP INC., | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Plaintiff to Show Cause**

Plaintiff Delmar J. Kent, is an inmate at New Castle Correctional Facility. He sued the Indiana Department of Correction (IDOC) and GEO Group, Inc., pursuant to 42 U.S.C. § 1983. For the reasons explained below, the complaint must be dismissed.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under § 1915A(b) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

The complaint alleges that between July 1 and 8, 2020, legal mail addressed to the U.S. District Court was opened outside of the plaintiff's presence and placed in another envelope and sent to the Marion County Court Clerk. The plaintiff states that these actions violate his First, Eighth, and Fourteenth Amendment rights, as well as Executive Directives 17-13 and 18-54 (effective November 1, 2018). In terms of relief, the plaintiff seeks "just relief in accordance with the law to correct and remedy this blatant violation of my rights."

## III. Dismissal of Action

The complaint is dismissed for failure to state a claim upon which relief may be granted.

First, the defendants cannot be liable under § 1983 given the circumstances alleged. Any claim against the IDOC is barred by the Eleventh Amendment. *de Lima Silva v. Dep't of Corrections*, 917 F.3d 546, 565 (7th Cir. 2019). The Eleventh Amendment immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 102 (1984); *Mutter v. Rodriguez*, 700 F. App'x 528, 530 (7th Cir. 2017). In addition, states and their agencies are not "persons" subject to suit pursuant to 42 U.S.C. § 1983 under the circumstances alleged in the plaintiff's complaint. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66–70 (1989).

GEO Group is also not liable under the circumstances alleged. Because GEO Group acts under color of state law by contracting to perform a government function, i.e., running a correctional institution, it is treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002). Therefore, to state a cognizable claim GEO Group, the plaintiff must allege that he suffered a constitutional deprivation as the result of an express policy or custom of GEO Group. No such policy or custom has been alleged.

The second basis for dismissal is that the Court's records reflect that the plaintiff did not suffer an injury as a result of the misdirected mail and there is no allegation that the problem has persisted. *Kent v. Mote,* 1:20-cv-1495-JRS-TAB, includes the filing that was initially misdirected to the Marion County Clerk's Office. The record reflects that the Marion County Clerk's Office returned the document to the plaintiff and that he then sent it to this Court's clerk for review. *See* 1:20-cv-1495-JRS-TAB, docket number 11-1. That filing was accepted by the clerk and considered by the Court prior to the dismissal of his claim. *Id.* at dkt 12. In addition, there are no allegations that any other filings have been misdirected.

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through October 6, 2020,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in

cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

    IT IS SO ORDERED.

Date:   9/14/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DELMAR J. KENT
219589
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362